IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CELSO COSTELO;
MARIA S. COLMENARES-PRATT,

          Plaintiffs,

   vs.

PRO 30 FUNDING , et al.,

          Defendants.

No. 2:12-cv-1429-JAM-EFB PS

<u>FINDINGS AND RECOMMENDATIONS</u>

      This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On May 29, 2012, plaintiffs filed a complaint in this action and paid the filing fee. Dckt. No. 1. The same day, the court issued its initial scheduling order. Dckt. No. 3. That order directed plaintiffs to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for October 10, 2012. *Id.* The order further directed the parties to file status reports no later than fourteen days prior to the October 10, 2012 scheduling conference (or by September 26, 2012), and cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed. *Id.*

      Because the court file revealed that plaintiffs had not filed a status report, as required by the May 29, 2012 order, and had not yet effected service of process on defendants, on September

1

28, 2012, the undersigned continued the status conference and ordered plaintiffs to show cause, on or before November 7, 2012, why this case should not be dismissed for failure to follow this court's orders and Local Rules and/or for failure to effect service of process within the time prescribed by Rule 4(m). Dckt. No. 4 (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(*l*)(1) (requiring that proof of service be made to the court); E.D. Cal. L.R. 210(b) (same); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")). Plaintiffs were also given until November 7, 2012 to file a proof of timely service on defendants, or to show cause, in writing, why any unserved defendants should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m), and to file status reports (or a joint status report) setting forth the matters referenced in the court's May 29, 2012 order, including the status of service of process. *Id.* at 2. The order provided that "[f]ailure of plaintiffs to comply with this order may result in a recommendation that this action be dismissed for failure to follow court orders and this court's Local Rules, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b)." *Id.* at 3.

Although the deadline has passed, plaintiffs have not filed a response to the order to show cause, have not filed a status report, and have not demonstrated that they have properly served any of the defendants.[1] Therefore, the undersigned will recommend that this case be dismissed

---

[1] The only document plaintiffs have filed in this case since the order to show cause was issued was a statement on October 1, 2012 that they decline to consent to the assignment of this case to the magistrate judge for trial and disposition, and request reassignment to a district judge. Dckt.

2

for failure to prosecute and for failure to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules. *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The status (pretrial scheduling) conference currently set for hearing on November 28, 2012, is vacated;[2]

2. The September 28, 2012 order to show cause is discharged; and

3. Plaintiffs' request for reassignment of this action to a district judge, Dckt. No. 5, is denied as unnecessary.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiffs' failure to prosecute the action and to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

---

No. 5. That request will be denied as unnecessary since this case is already assigned to a district judge. As explained in the consent form provided to plaintiffs, "[w]hether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A)." Dckt. No. 3-1.

[2] However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4